UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:14-cv-62673-Cohn/Seltzer

TERRY MURPHY, on his own behalf and
others similarly situated,

    Plaintiff,

v.

GLOBAL RESPONSE CORPORATION,
a Florida corporation,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE
AND/OR FOR JUDGMENT ON THE PLEADING BASED ON
LACK OF SUBJECT MATTER JURISDICTION**

    Defendant, Global Response Corporation, Inc., pursuant to Federal Rule of Civil Procedure 12(b) and (c), moves to dismiss this matter with prejudice and/or for judgment on the pleadings, and in support states:

    1.    On November 24, 2014, Plaintiff, Terry Murphy, filed a single-count Complaint, alleging a violation of the Fair Labor Standards Act by the Defendant.  [D.E. 1].

    2.    On December 1, 2014, Mr. Camilo Abril filed a Consent to Join form, opting into the above-referenced matter.  [D.E. 5].

    3.    On December 1, 2014, the Court entered its Notice of Court Practice in FLSA Cases, ordering the Plaintiffs to file their statements of claim within 15 days of the Court's order. [D.E. 7].

    4.    On January 5, 2014, Richard Goldsmith filed a consent form, opting into the above-referenced matter.  [D.E. 17].

    5.    The Defendant denies the Plaintiffs' allegations, and has asserted defenses and

affirmative defenses accordingly.  [D.E. 11].[1]

6. On January 5, 2015, Plaintiff Murphy filed his Statement of Claim, alleging he is owed $2,622.00[2] in wages.  [D.E. 15]

7. On January 5, 2014, Plaintiff Abril filed his Statement of Claim, alleging he is owed $396.00[3] in wages.  [D.E. 16]

8. To date, Mr. Goldsmith has not filed his statement of claim, in violation of the Court's December 1, 2014, Notice of Court Practice in FLSA Cases.  [D.E. 7].

---

[1] Plaintiffs claim that they are owed overtime for alleged work done prior to their schedule shifts for small amounts of time when they allegedly arrived at work before their scheduled shifts, but were not performing any work.  *See* Complaint [D.E. 1] at ¶ 13-14.  Global Response's Customer Service Representatives do not perform work until their shift starts.  In some cases the Plaintiffs claim to have voluntarily arrived to work earlier than their shifts and "clocked in."  During these times, however, Plaintiffs were not performing work, but were simply waiting for their shifts to start.

29 C.F.R. 785.48 provides that, in cases where employees voluntarily come in to work before their regular starting time, or remain after their end time, and do not perform work, they do not have to be paid for such periods.  Specifically, 29 C.F.R. 785.48 provides:

> (a) Differences between clock records and actual hours worked. Time clocks are not required. In those cases where time clocks are used, *employees who voluntarily come in before their regular starting time or remain after their closing time, do not have to be paid for such periods provided, of course, that they do not engage in any work. Their early or late clock punching may be disregarded* …

(emphasis added).

Accordingly, the time claimed by the Plaintiffs is not work time and is therefore not compensable, they have been paid for all hours worked, and have been paid all wages due to them.

[2] While Mr. Murhpy's Statement of Claim states that his damages are "un-liquidated," including liquidated damages, his total claim is $5,244.00.

[3] While Mr. Abril's Statement of Claim states that his damages are "un-liquidated," including liquidated damages, his total claim is $792.00

2

9. Defendant provided Mr. Goldsmith with time card reports for the entire term of his employment, and a summary of those reports. *See* copies attached as **Exhibit A**. Even under Mr. Goldsmith's version of the facts, the full amount of wages which could be due to him (which the Defendant expressly denies) is $41.76, plus an equal amount of liquidated damages, totaling $83.52. *Id.*

10. On January 7, 2015, the Defendant served Plaintiff Murphy with an Offer of Judgment, pursuant to Rule 68 of the Federal Rules of Civil Procedure, for $5,500.00, plus interest (if any) and a reasonable amount of attorneys' fees and costs incurred to date by the Plaintiff, and including fees and costs incurred in establishing the amount of fees and costs, to be determined by the Court.

11. On January 7, 2015, the Defendant served Plaintiff Abril with an Offer of Judgment, pursuant to Rule 68 of the Federal Rules of Civil Procedure, for $900.00, plus interest (if any) and a reasonable amount of attorneys' fees and costs incurred to date by the Plaintiff, and including fees and costs incurred in establishing the amount of fees and costs, to be determined by the Court.

12. On January 13, 2015, the Defendant served Plaintiff Goldsmith with an Offer of Judgment, pursuant to Rule 68 of the Federal Rules of Civil Procedure, for $200.00, plus interest (if any) and a reasonable amount of attorneys' fees and costs incurred to date by the Plaintiff, and including fees and costs incurred in establishing the amount of fees and costs, to be determined by the Court.

13. Subsequently, on January 27, 2015, the Defendant tendered to the Plaintiffs amounts in excess of the Plaintiffs' claims set forth in their statements of claim (less applicable tax withholdings). *See* **Exhibit B**.

14. And, on January 27, 2015, along with payment to each Plaintiff, the Defendant

served each Plaintiff with another Offer of Judgment, pursuant to Rule 68 of the Federal Rules of Civil Procedure, for an amount in excess of their claim, plus interest (if any) and a reasonable amount of attorneys' fees and costs incurred to date by the Plaintiff, and including fees and costs incurred in establishing the amount of fees and costs, to be determined by the Court. *See* **Exhibit C**.

15. The Defendant's offers of judgment are equal to or exceed the maximum amount that the Plaintiffs could possibly recover for their claims.

16. And, the Plaintiffs have already been paid the full amount of the offered judgments.

17. Accordingly, the Court has been divested of subject matter jurisdiction and the case or controversy is no longer live. *See Sampaio v. Client Services, Inc.*, 306 Fed.Appx. 496 (11th Cir. 2009); *see also Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1245 (11th Cir. 2003) (mootness doctrine applies to FLSA cases).

18. Indeed,"[r]ule 68 offers can be used to show that the court lacks subject-matter jurisdiction." *Pollack v. Bay Area Credit Serv.*, LLC, No. 08–61101–Civ, 2009 WL 2475167, at *5 (S.D.Fla. Aug.13, 2009).[4]

19. The Offer of Judgment in this case complies with all the requirements of Rule 68. It includes an offer to have judgment entered against the Defendant, it allows for Plaintiffs' attorney to recover reasonable attorney's fees and costs, including those which accrue after the offer was made, and does not attempt to improperly cap the attorney's fees. *See Young v.*

---

[4] While not specified in Rule 68, "many courts have held that a valid offer of judgment that would satisfy a plaintiffs entire claim for relief eliminates the controversy between the parties and leaves nothing for the court to resolve, effectively mooting the action and removing jurisdiction." *Jones v. CBE Group, Inc.*, 215 F.R.D. 558, 562 (D. Minn. 2003) (Doty, J.); *see also Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991); *Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir. 1986); *Abrams v. Interco Inc.,* 719 F.2d 23, 32-34 (2d Cir. 1983).

*AmeriFinancial Solutions, LLC*, 12-60946-CIV, 2012 WL 3848574 (S.D. Fla. 2012).

20.     Because there is no actual case or controversy to adjudicate, the Courts lacks subject matter jurisdiction over claims mooted by Rule 68 offers of judgment, where the plaintiff no longer has an interest in the litigation. *See* U.S. Const. Art. III § 2 (limiting judicial power to cases or controversies); *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395, 63 L. Ed. 2d 479, 100 S. Ct. 1202 (1980) (holding same); *Powell v. McCormack*, 395 U.S. 486, 496, 23 L. Ed. 2d 491, 89 S. Ct. 1944 (1969) (deeming an action moot when a party no longer has a stake in the matter).

21.     While the Defendant is aware of the recent cases cited concerning mootness of FLSA cases in the Eleventh Circuit, *Stein v. Buccaneers Ltd. P'ship,* No. 13–15417, 2014 WL 6734819, at *3 (11th Cir. Dec.1, 2014), and *Collado v. J. & G. Transp., Inc.*, 14-80467-CIV, 2014 WL 6896146, at *4 (S.D. Fla. 2014), such cases are inapplicable here, because, in those cases, the defendants sought to moot the case based solely upon unaccepted Rule 68 offers of judgment.

22.     Here, the Plaintiffs have already been paid an amount in excess of their claim, and offered judgment, including attorneys' fees and costs incurred to date by the Plaintiffs, and including fees and costs incurred in establishing the amount of fees and costs, to be determined by the Court. *See supra*.

23.     And, courts in this circuit have stated that tender of payment, along with a Rule 68 offer of judgment, is enough to moot a plaintiff's case. *Tapia v. Florida Cleanex, Inc.*, 09-21569-CIV, 2012 WL 7965871, at *5, n.5 (S.D. Fla. 2012) (complete relief would have been achieved – mooting the case – had defendant tendered full payment and Rule 68 offer of judgment for the full amount owed); *see also Moten v. Broward Cnty.*, 2012 WL 526790, at *2 (S.D.Fla. Feb.16, 2012) (tender of damages and offer of judgment providing the plaintiff with the

5

maximum allowable relief mooted the plaintiff's claim) (Cohn, J.).

24. "Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake." *Rand v. Monsanto Co.*, 926 F.2d 596 (7th Cir. 1991) (internal citation omitted).

25. In sum, because there is no longer a case or controversy in the present action, this Court should dismiss the Plaintiffs' action with prejudice and/or enter judgment on the pleadings. The Court, however, should retain jurisdiction over the matter for the limited purpose of determining the reasonableness of the Plaintiffs' attorney's fees.

WHEREFORE, the Defendant respectfully requests that this Court dismiss the Plaintiffs' claims with prejudice and/or enter judgment on the pleadings and retain jurisdiction over the matter for purposes of establishing the Plaintiffs' attorney's reasonable fees and costs.

## CERTIFICATE OF GOOD FAITH CONFERENCE

While Local Rule 7.1(a)(3)(A) does not require a good faith conference for a motion of this type, I hereby certify that counsel for the movant has attempted to confer with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve this issue.  Defendant's counsel emailed Plaintiffs' counsel on February 5, 2015 regarding his position on the motion, but has not received a response as of the time of this filing.

                                          Respectfully submitted,

                                          s/Russell Landy
                                          Russell Landy
                                          Florida Bar No.: 0044417
                                          Peter F. Valori
                                          Florida Bar No. 0043516
                                          DAMIAN & VALORI LLP
                                          1000 Brickell Avenue, Suite 1020
                                          Miami, Florida 33131
                                          Telephone:  (305) 371-3960
                                          Facsimile:   (305) 371-3965
                                          Email: pvalori@dvllp.com
                                          *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic transmission via this Court's CM/ECF filing system on February 5, 2015 upon all counsel or parties of record on the attached service list.

s/Russell Landy
*Counsel for Defendant*

**SERVICE LIST**

**Camar R. Jones, Esq.**
cjones@shavitzlaw.com
Shavitz Law Group, P.A.
1515 S. Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
*Attorneys for Plaintiff*

**Peter F. Valori, Esq.**
pvalori@dvllp.com
**Russell Landy, Esq.**
rlandy@dvllp.com
Damian & Valori LLP
1000 Brickell Avenue, Suite 1020
Miami, FL 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965
*Attorneys for Defendant*