UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:14-cv-62673-JIC

TERRY MURPHY, on his own behalf and
others similarly situated,

    Plaintiff,

v.

GLOBAL RESPONSE CORPORATION,
a Florida corporation,

    Defendant.
_____/

## PLAINTIFFS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND INCORPORATED MEMORANDUM OF LAW

    Plaintiff, TERRY MURPHY, and Opt In Plaintiffs, CAMILO ABRIL and RICHARD GOLDSMITH (collectively, "Plaintiffs"), hereby move for an Order compelling Defendants to fully respond to Interrogatories 10 and 11 of their First Set of Interrogatories, and as grounds for their Motion, state:

    1.    This is an action for unpaid overtime wages and other relief under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") filed by Terry Murphy.[1]

    2.    Plaintiffs were employed by Defendant as Customer Service Representatives ("CSR")[2] at Defendant's location in Margate, Florida.

    3.    Plaintiffs allege that they frequently performed uncompensated work for Defendant before and after their shifts. Defendant, however, contends that although Plaintiffs punched in before their scheduled shifts, and punched out after their scheduled shifts, they were

---

[1] Since the filing of this action, Camilo Abril, Richard Goldsmith, Henry Sylverain, Kimisha Scott, Shadene Walters and Shamika Walker have joined this action by filing Notices of Consent to Join.

not performing compensable work outside of their scheduled shift time. Therefore, at the center of this case is a factual dispute about whether Plaintiffs were performing compensable work during this non-shift time.

4. On January 8, 2015, Murphy, Abril and Goldsmith each served their First Set of Interrogatories on Defendant, which included Interrogatories Nos. 10 and 11. While set forth verbatim below, *see infra*, Interrogatories Nos. 10 and 11 request the identity of Plaintiffs' co-employees who performed the same duties as Plaintiffs. These co-employees are witnesses, who are able to testify regarding Defendants' practice of requiring employees to work before and after their shifts, but only compensating them for the hours they were scheduled to work.

5. Defendant responded to Plaintiffs' Interrogatories on February 17, 2015 in which it asserted objections to Interrogatories Nos 10 and 11, including relevance, undue burden and overbreadth.

6. As more fully set forth below, the Interrogatories at issue seek discovery related to employees of Defendant who are potential witnesses to this case. This is discovery that this Court has routinely compelled and permitted. Accordingly, Plaintiffs request that this Court overrule Defendant objections and order Defendant to provide complete responses to the subject interrogatories.

WHEREFORE, Plaintiffs, MURPHY, ABRIL and GOLDSMITH, request the entry of an Order overruling Defendant's objections and compelling Defendant to answer Interrogatory Nos. 10 and 11.

## MEMORANDUM OF LAW

### I. THE BROAD SCOPE OF DISCOVERY

In a prior FLSA action, Magistrate Judge Johnson explained the broad scope of discovery as follows:

> Rule 33 of the Federal Rules of Civil Procedure allow any party to serve on any other party written interrogatories concerning matters within the scope of Federal Rule Civil Procedure 26(b). The scope of discovery under Rule 26(b) is broad: "parties may obtain discovery regarding any matter, not privileged, which is relevant to the claims or defense of any party involved in the pending action." Hickman v. Taylor, 329 U.S. 495, 507-508, 67 S. Ct. 385, 91 L. Ed. 451 (1947). See also Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985) (the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible"); Canal Authority v. Froehlke, 81 F.R.D. 609, 611 (M.D. Fla. 1979). **Information is relevant if it is "germane, conceivably helpful to plaintiff, or reasonably calculated to lead to admissible evidence**." Parsons v. General Motors Corp., 85 F.R.D. 724 (N.D. Ga. 1981). See also Hickman, 329 U.S. at 501. **Thus, under Rule 26 relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on any issue that is or may be in the case**." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). Discovery is not limited to the issues raised by the pleadings because "discovery itself is designed to help define and clarify the issues." *Id*. at 352. In short, information can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence. Dunbar v. United States, 502 F.2d 506 (5th Cir. 1974).

CFTC v. Midland Rare Coin Exch., Inc., 1999 U.S. Dist. LEXIS 16939 (S.D. Fla. 1999) (Dimitrouleas, J) (emphasis added).

### II. THE SUBJECT INTERROGATORIES

The arguments and authorities relating to both interrogatories will be presented together because the interrogatories are similar, and the same arguments and authorities are being used for the arguments relating to both interrogatories.

**Number 10**: Please identify all employees of Defendant (including former employees) who worked at the same location(s) as Plaintiff, and whose duties were similar to those performed by Plaintiff for Defendant and who were compensated in a manner similar to Plaintiff between

November 2011 and the present. For all such individuals, please provide the last known mailing address and telephone number.

**Defendant's Objection**: Defendant objects to interrogatory number 10 in that it improperly assumes that there are employees whose duties were similar to those performed by Plaintiffs for Defendant and who were compensated in a manner similar to the Plaintiffs.  Further, the interrogatory seeks information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  This matter has not been conditionally certified as a collective action, and should not be so certified.  *See* Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Conditionally Certify an FLSA Collective Action [D.E. 26].

Defendant further objects to request number 10 as it would be unduly burdensome for the Defendant respond. The Defendant does not have an automated system from which this information may be easily extracted. Also, many of the persons whose information may be sought in this interrogatory were employees of various temporary staffing agencies, some of which are believed to no longer b[e] operating.  It would take approximately 500 hours of research by the Defendants to gather and compile the information sought in this interrogatory and would equate to the expenditure of thousands of dollars.

Defendant further objects to request number 10, as each Plaintiff has already exceeded the number of interrogatories permitted by Federal Rule of Civil produced 33(a)(1), and the Court has not entered an order permitting interrogatories in excess of 25 interrogatories.

**Number 11**: Please identify all employees of Defendant (including former employees) who were employed at the same location(s) as Plaintiff between November 2011 and the present. For all such individuals, please provide the last known mailing address and telephone number.

**Defendant's Objection**: Defendant objects to interrogatory number 11 as it is overbroad and seeks information which is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence because it seeks information for all of Global Response's employees without limitation to those employees who may be similarly situated to the Plaintiffs.  And, this matter has not been conditionally certified as a collective action, and should not be so certified. *See* Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Conditionally Certify an FLSA Collective Action [D.E. 26].

Defendant further objects to request number 11 as it would be unduly burdensome for the Defendant respond. The Defendant does not have an automated system from which this information may be easily extracted. Also, many of the persons whose information may be sought in this interrogatory were employees of various temporary staffing agencies, some of which are believed to no longer b[e] operating.  It would take approximately 500 hours of research by the Defendants to gather and compile the information sought in this interrogatory and would equate to the expenditure of thousands of dollars.

Defendant further objects to request number 11, as each Plaintiff has already exceeded the number of interrogatories permitted by Federal Rule of Civil produced 33(a)(1), and the Court has not entered an order permitting interrogatories in excess of 25 interrogatories.

### III.  DEFENDANT'S OBJECTIONS LACK MERIT AND SHOULD BE OVERRULED

#### A. Defendant's Objections Viewed in Context

Defendant's objections are just the latest in its repeated attempts to thwart conditional certification of this collective action.  As demonstrated below, the information requested in Interrogatory Nos. 10 and 11 is discoverable *for the very purpose of facilitating conditional certification*.

Having realized that the Supreme Court and Eleventh Circuit have foreclosed its strategy of "picking off" Plaintiffs with offers of judgment, Defendant now attempts to delay the inevitable conditional certification of this collective action by stonewalling basic discovery. However, like its futile Offers of Judgment, Defendant's unfounded discovery objections provide no legitimate basis for denying the collective treatment of this case.  Rather, as Justice Kagan and the Eleventh Circuit echoed, the failure of any Plaintiff to accept its Offer of Judgment merely means that the case proceeds as if no offer had been made. *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528-29 (2013);  *Jeffrey M. Stein, D.D.S., M.S.D., P.A. v. Buccaneers LP*, 772 F.3d 698 (11th Cir. Dec. 1, 2014).  Likewise, Defendant cannot avoid conditional certification by hiding behind objections which courts throughout the Southern District of Florida repeatedly have rejected.  Viewed in this context, Defendant's objections are particularly insidious and border on vexatious, sanctionable under 29 U.S.C. § 1927.

#### B. Defendant's Relevance Objections are Unavailing

Relevance is broadly construed, and a discovery request should be considered relevant if there is any possibility that the information sought may be relevant to a claim or defense of any party.  Moss v. Blue Cross Blue Shield of Kansas, Inc., 241 FRD 683 (D. Kan. 2007).  A request

for discovery should ordinarily be allowed unless it is clear that the information sought has no possible bearing on the subject matter of the action. Id. "The purpose of discovery is to allow a broad search for facts, **the names of witnesses**, or any other matters which may aid a party in the preparation or presentation of his case." All Moving Services Inc. v. Stonington Insurance Co., 2012 U.S. Dist. Lexis 28248 (S.D. Fla. March 5, 2012) (citing, Fed. R. Civ. P. 26(b) Advisory Committee notes) (emphasis added).  Thus, courts routinely compel the disclosure of witnesses' identities who can speak not only to litigants' individual claims, but also to conditional certification considerations.  See Schneider v. Express Consolidation, Inc., Case No. 9:05-cv-80325-DTKH, D.E. 97, p. 4 (S.D. Fla. Dec. 6, 2005) ("individuals whose identities are learned via this discovery request may have relevant information regarding the conditions and terms of the Plaintiffs' employment (or, their own for Fed.R.Evid. 404(b) purposes)"); Evans v. Comcast Corporation, et al., Case No. 9:12-cv-81203-KAM, D.E. 53 (S.D. Fla. May 13, 2013) (compelling responses to nearly identical discovery requests and only reducing the scope of one of the requests because discovery was bifurcated, which is **not** the case here); Dupervil v. Asplundh Construction Co., Case No.: 9:04-cv-81106-DMM, D.E. 19, p. 2 (S.D. Fla. April 27, 2005) (such discovery is relevant as it "seeks to ascertain the names of Defendant's employees who performed a similar job and were compensated in a similar manner . . ."). In fact, discovery requesting fact witnesses' identities is even part of the Standard Form Interrogatories of this Court.  See Southern District of Florida Discovery Practices Handbook (effective April 15, 2011).

In the instant case, the discovery seeks the identity of witnesses with knowledge concerning the contested key issues in the case, specifically whether Defendant engaged in a practice under which it required CSRs to perform work before and after their shifts without

compensating them for that time. Clearly, the identity of such witnesses is relevant as they have first-hand knowledge of the terms and conditions of the employment of Plaintiffs and other similarly situated employees at the Margate location where they worked with Plaintiffs. These individuals will be able to testify regarding Defendants' timekeeping and pay practices, and Plaintiffs' assertions that they and other Customer Service Representatives performed work before and after their scheduled shifts for which they were not compensated. See, Schneider, supra; Popov v. George & Sons Towing, Inc., 2012 U.S. Dist. Lexis 172578 (M.D. Fla. Dec. 5, 2012).

Further, Defendant's assertion that Interrogatory 10 "improperly assumes that there are employees whose duties were similar to those performed by Plaintiffs", this argument is baseless. Just last week, Defendant's corporate representative testified that CSR position is the position with the most employees at the Margate location. Further, when presented with a job posting for the position, the witness testified that duties outlined in the posting were the general duties performed by the individuals who held that position. Therefore, there are many other employees who performed the same duties as Plaintiffs, and who are potential witnesses in this case.

In addition, the discovery is relevant to the issue of good faith, which determines whether Plaintiffs receive liquidated damages. When the jury finds an employer has violated the overtime provision of the FLSA and assesses compensatory damages, the District Court generally must add an award of liquidated damages in the same amount, which doubles the total damages awarded. 29 U.S.C. § 216(b) ("Any employer who violates the provisions of [the FLSA] ... shall be liable to the employee or employees affected in the amount of ... their unpaid overtime compensation ... and in an additional equal amount as liquidated damages."); see also

Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1566-67 (11th Cir.1991). There is, however, a good faith defense, which gives the court discretion to reduce or deny an award of liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act." 29 U.S.C. § 260.  Courts that have addressed this issue have routinely held that evidence that a Defendant had been put on notice of prior FLSA litigation is relevant to the issue of good faith/liquidated damages.  See Chao v. A-One Medical Services, Inc., 346 F.3d 908 (9th Cir. 2003) (finding that an employer's prior FLSA violations were relevant to the pending overtime case; Villegas v. Dependable Construction Services, Inc., Civ. No. 4:07–cv–2165, 2008 WL 5137321 at *27 (S.D.Tex.2008) (if violations in earlier FLSA litigation resemble those in later litigation, it is possible defendants had knowledge they were violating statute in classifying plaintiffs as exempt).  If any of the other CSR complained to Defendant about not being properly compensated for all hours worked, and Defendant took no steps to address the complaint, or modify its timekeeping and compensation practices, this is evidence that Defendant took no corrective measures after being put on notice of a potential violation of the FLSA, and could render Defendant liable for liquidated damages.

Without question, the discovery is pertinent to a "fact alleged in the pleadings," as well as Defendant's defenses that Plaintiffs were properly paid, and that it acted in good faith in compensating Plaintiffs.  Therefore, Interrogatories seeking the identity of people with knowledge of the terms and conditions of Plaintiffs' employment, as well as Defendants' employment practices at the locations where they worked, is relevant.  These individuals are

witnesses with knowledge of Plaintiffs' claims and Defendants' defenses, and hence are clearly within the scope of discovery.

### C. Defendant's Overbreadth and Undue Burden Objections are Unavailing

It is well established that, the onus is on the party resisting discovery to demonstrate specifically how the objected-to request is unreasonable or otherwise unduly burdensome. See, Fed. R. Civ. P. 33(b)(4); Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985); Rossbach v. Rundle, 128 F. Supp. 2d 1348, 1353 (S.D. Fla. 2000) (citations omitted). "The party must demonstrate to the court 'that the requested documents [information] either do not come within the broad scope of relevance defined pursuant to Fed. R. Civ. P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'" Gober v. City of Leesburg, 197 F.R.D. 519 (M.D. Fla. 2000). An objection must show specifically how a [discovery request] is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals **the nature of the burden."** Coker v. Duke & Co., 177 F.R.D. 682, 686 (M.D. Ala. 1998). **The resisting party must make a particular and specific demonstration of fact and cannot rely on simple conclusory assertions about the difficulty of complying with a discovery request.** Id. (emphasis added). **The mere fact that compliance with an order will cause great labor and expense or even considerable hardship and the possibility injury to the business of the party from whom discovery is sought does not itself require denial of the motion.** Western Resources, Inc. v. Union Pacific Railroad Co., No. 00-2043-CM, 2002 US Dist LEXIS 2004 at *11 (D. Kan. January 21, 2002) (emphasis added). **The party must do so by providing sufficient detail and explanation about the nature of the burden in terms of time, money,**

**and procedure which would be required to provide the requested information to enable the court to assess the "burden."** Id. (emphasis added).

Defendant's undue burden objection should similarly be overruled. Even if the Court accepted Defendant's facts allegations regarding the difficulty in obtaining the information, this does not deem the requested discovery unduly burdensome. Simon v. ProNational Ins. Co., 2007 U.S. Dist. Lexis 96318, *5-6 (S.D. Fla. Nov. 1, 2007); see also, Nowak v. Lexington Ins. Co., 2006 U.S. Dist. Lexis 92389 (S.D. Fla. June 9, 2006). Defendant has made the bald assertion that compiling the information would take 500 hours of work and some of the information may be in the possession of third party staffing agencies which are "believed" to no longer be operating. Defendant has provided no basis for these assertions. Defendant has provided no evidence revealing the nature of the burden. See Coker, supra. Instead, Defendant has only provided conclusory assertions, instead of specific, concrete facts as required by established case law. See Id. Defendant has not explained how it arrived at its 500 hours estimate, the individuals or companies from which it would need to obtain information, or how it would have to go about obtaining the information to comply with the discovery requests. Further, the mere fact that gather the information would result in significant work to Defendant does not require denial of this Motion. The discovery sought is critical to Plaintiffs' claims. It will allow Plaintiffs to prove that it was Defendant's consistent practice to require employees to perform work for which they were not paid. Additionally, the discovery will allow Plaintiffs to be able to discredit Defendant's good faith defense.

Even assuming *arguendo* Plaintiff's requests were overbroad, Defendant has an obligation to respond within any parameters it maintains are reasonable. L.R. S.D. Fla., 26.1(g)(2); Fed.R.Civ.P. 34(b)(2)(C). Defendant provided nothing. Moreover, these Interrogatory

are far narrower than similar discovery compelled in other FLSA cases. See, Popov, supra (compelling defendants to identify employees "who worked for the Defendants in the same or similar capacity," not limited by location); Hatfield v. A+ Nursetemps, Inc., 2012 U.S. Dist. Lexis 53639, *9-10 (M.D. Fla. Apr. 17, 2012) (compelling defendant to "identify all current and former employees.") (emphasis added). Here, the interrogatories are limited to the employees who worked at the locations where Plaintiffs worked.  Both the Customer Service Representatives and other co-employees working at the same locations as Plaintiffs are witnesses likely to have first-hand knowledge specific to the allegations in this case.   See, Titre v. S.W. Bach & Co., 2005 U.S. Dist. Lexis 32972 (S.D. Fla. 2005); Schneider, supra.

> **IV.    The Information Requested in Interrogatory Nos 10 and 11 are Discoverable Even Before this Case is Conditionally Certified.**

Contrary to Defendant's suggestion, the overwhelming weight of Eleventh Circuit authority holds that conditional certification is **not** a prerequisite to discovering the identity of witnesses and members of the putative collective. See, Donahay v. Palm Beach Tours & Transportation, 242 F.R.D. 685, 687 (S.D. Fla. 2007) (Marra/Johnson); Titre v. S.W. Bach & Co., 2005 U.S. Dist. Lexis 32972 (S.D. Fla. 2005); Walker v. Americare Radiographics, Inc., 2010 U.S. Dist. 139021, *7 (S.D. Fla. 2010); Martin v. American Travelers Staffing Professionals LLC, 2009 U.S. Dist. Lexis 94479 (S.D. Fla. Sept. 9, 2009); Planner v. Bennett Auto Supply Inc., 2006 U.S. Dist. Lexis 96951 (S.D. Fla. Apr. 10, 2006); see also, Schneider, supra [D.E. 97]; Dupervil, supra [D.E. 19]; Cius v. Palm Beach Transportation LLC, Case No.: 05-80556-CIV-ZOCH [D.E. 96];  Fiore v. Goodyear Tire & Rubber Co., 2010 U.S. Dist. Lexis 68847 (M.D. Fla. 2010); Franco v. Bank of America, 681 F.Supp2d 1324 (M.D. Fla. 2010).

Consistent with this, courts in this District routinely compel such discovery for the very purpose of identifying witnesses, as well as assisting the plaintiff in ascertaining the scope and

parameters of the class. See, Reyes v. AT&T Mobility Services LLC, 801, F.Supp. 2d 1350, 1361 (S.D. Fla. 2011); see also, Donahay, Titre, Dupervil, Franco, supra. Quite simply, conditional certification is not a prerequisite to obtaining such discovery, and accordingly, Defendant's objections must be overruled. See, Reyes, Donahay, Titre, Dupervil, Franco, supra; see also, Martin, supra.

V.      **Plaintiffs Have Not Exceeded the Permitted Number of Interrogatories.**

In discussing whether an interrogatory containing subparts should count as one or multiple interrogatories under Rule 33, the Advisory Committee Notes noted that "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." Elmore v. City of Greenwood, 2014 US Dist LEXIS 83290 (D. SC 2014). Federal Practice and Procedure Commentators Wright, Miller and Marcus have looked to advisory committee notes on the subject and found "an interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question, [and] an interrogatory with subparts inquiring into discrete areas is likely to be counted as more than one for purposes of the limitation." Id. citing 8B Wright, Miller, and Marcus, *Federal Practice and Procedure*, § 2168.1 (3d ed. Supp. 2013). see also Mezu v. Morgan State University, 269 F.R.D. 565, 572-73 (D. Md. 2010) ("An interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question, but an interrogatory with subparts inquiring into discrete areas is more likely to be counted as more than one for purposes of limitation"). In determining whether subsequent questions within one interrogatory are subsumed, parties should "examine whether the first question is primary and subsequent questions are secondary to the primary question . . .." Mezu, 269 F.R.D. at 573 (holding that a question about the positions the plaintiff held at Morgan State University, including subparts

establishing her hire date, salary, and supervisors counted as one interrogatory, but the other subparts of the same interrogatory, such as why plaintiff changed positions and pay rates of other faculty members, were separate questions).

Here, the only interrogatories between numbers 1 and 11 which arguably contain subparts are interrogatories 1 and 8.  Interrogatory number 8 seeks the identity of individuals who were responsible for maintaining records regarding the Plaintiff, specifying hours of work, rate of pay and wages paid to plaintiff.  This interrogatory relates to the common theme of Plaintiffs' compensation, and frequently this information is found in a simple payroll summary which is created every pay period.  These are not discrete areas, and this interrogatory should be treated as a single interrogatory.  Similarly interrogatory number 8 asks about Plaintiffs' job titles, her duties and her supervisors in those positions, including their contact information.  This similarly contains a common theme: Plaintiffs' duties while employed by Defendant.  Based on the foregoing authority, Plaintiffs have not exceeded the permitted number of interrogatories, and Defendant's objection on this basis should be overruled.

### VI.   Conclusion

WHEREFORE, Plaintiff requests the entry of an Order compelling Defendant to answer Interrogatory Nos. 10 and 11, and for any further relief that this Court deems just and proper.

**CERTIFICATION:** Counsel for the movant hereby certifies that they have conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in this motion, and has been unable to do so pursuant to S.D. L. R. 7.1(a)(3).

| | |
|---|---|
| Dated: March 10, 2015<br>Boca Raton, Florida | Respectfully submitted,<br><br>**/s/ CAMAR R. JONES**<br>Camar R. Jones, Esquire<br>E-mail: cjones@shavitzlaw.com<br>Florida Bar No. 720291<br>Shavitz Law Group, P.A.<br>1515 S. Federal Highway, Suite 404<br>Boca Raton, Florida 33432<br>Telephone: (561) 447-8888<br>Facsimile: (561) 447-8831 |

## CERTIFICATE OF SERVICE

I hereby certify that on **March 10, 2015**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

**/s/ CAMAR R. JONES**
Camar R. Jones

## SERVICE LIST

*Murphy, Terry v. Global Response Corporation*
*Case No.: 0:14-cv-62673-JIC*
*United States District Court, Southern District of Florida*

Peter Valori, Esquire
Email: pvalori@dvllp.com
Russell Landy, Esquire
Email: rlandy@dvllp.com
Damian & Valori, LLP
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone (305) 371-3960
Facsimile: (305) 371-3965
Attorneys for Defendant

*Served via CM/ECF*