UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:14-cv-62673-Cohn/Seltzer

TERRY MURPHY, on his own behalf and
others similarly situated,

    Plaintiff,

v.

GLOBAL RESPONSE CORPORATION,
a Florida corporation,

    Defendant.
_____/

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Defendant, Global Response Corporation ("Global Response"), moves for summary judgment, and in support states:[1]

### Summary

Summary judgment should be granted in favor of Global Response Corporation because the Plaintiffs claims are moot because the Plaintiffs have each been paid amounts in excess of the amount that they claim they are owed.

---

[1] Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In order to defeat a properly supported motion for summary judgment, the opposing party must make an affirmative presentation of specific facts showing a genuine issue, and may not merely rely on the general allegations of the pleadings. *See Mora v. Univ. of Miami*, 15 F. Supp. 2d 1324, 1331 (S.D. Fla. 1998) (citations omitted), *aff'd*, 189 F.3d 485 (11th Cir. 1999). Further, the opposing party must make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The failure of proof concerning an essential element of the opposing party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *See id.*

**Argument**

I. **The Plaintiffs have been paid in an amount in excess of the amount of time for which they claim entitlement to compensation and therefore the Plaintiffs' claims are moot**

    A. **Tender of Payment along With an Offer of Judgment Divests the Court of Subject Matter Jurisdiction**

The time claimed by the Plaintiffs is not work time and is therefore not compensable. *See* 29 C.F.R. 785.48. Nevertheless, even if the time claimed was considered compensable time, summary judgment should be granted in favor of Global Response Corporation because there are no issues of disputed fact as to the amount allegedly owed to the Plaintiffs, and an amount in excess of that amount has been paid to them.

The tender of full payment along with the offers of judgment has divested the Court of subject matter jurisdiction and the case or controversy is no longer live. *See Sampaio v. Client Services, Inc.*, 306 Fed.Appx. 496 (11th Cir. 2009); *see also Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1245 (11th Cir. 2003) (mootness doctrine applies to FLSA cases). Indeed, "[r]ule 68 offers can be used to show that the court lacks subject-matter jurisdiction." *Pollack v. Bay Area Credit Serv.*, LLC, No. 08–61101–Civ, 2009 WL 2475167, at *5 (S.D.Fla. Aug.13, 2009).[2]

The offers of judgment in this case comply with all the requirements of Rule 68. It includes an offer to have judgment entered against the Defendant, it allows for Plaintiffs' attorney to recover reasonable attorney's fees and costs, including those which accrue after the

---

[2] While not specified in Rule 68, "many courts have held that a valid offer of judgment that would satisfy a plaintiffs entire claim for relief eliminates the controversy between the parties and leaves nothing for the court to resolve, effectively mooting the action and removing jurisdiction." *Jones v. CBE Group, Inc.*, 215 F.R.D. 558, 562 (D. Minn. 2003) (Doty, J.); *see also Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991); *Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir. 1986); *Abrams v. Interco Inc.,* 719 F.2d 23, 32-34 (2d Cir. 1983).

offer was made, and does not attempt to improperly cap the attorney's fees. *See Young v. AmeriFinancial Solutions, LLC*, 12-60946-CIV, 2012 WL 3848574 (S.D. Fla. 2012).

Because there is no actual case or controversy to adjudicate, the Court lacks subject matter jurisdiction over claims mooted by Rule 68 offers of judgment, where the plaintiff no longer has an interest in the litigation. *See* U.S. Const. Art. III § 2 (limiting judicial power to cases or controversies); *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395, 63 L. Ed. 2d 479, 100 S. Ct. 1202 (1980) (holding same); *Powell v. McCormack*, 395 U.S. 486, 496, 23 L. Ed. 2d 491, 89 S. Ct. 1944 (1969) (deeming an action moot when a party no longer has a stake in the matter).

While the Defendant is aware of the recent cases cited concerning mootness of FLSA cases in the Eleventh Circuit, *Stein v. Buccaneers Ltd. P'ship,* No. 13–15417, 2014 WL 6734819, at *3 (11th Cir. Dec.1, 2014), and *Collado v. J. & G. Transp., Inc.*, 14-80467-CIV, 2014 WL 6896146, at *4 (S.D. Fla. 2014), such cases are inapplicable here, because, in those cases, the defendants sought to moot the case based solely upon unaccepted Rule 68 offers of judgment. Here, the Plaintiffs <u>have already been paid an amount in excess of their claim, **and** offered judgment</u>, including attorneys' fees and costs incurred to date by the Plaintiffs, and including fees and costs incurred in establishing the amount of fees and costs, to be determined by the Court.  *See* Statement of Material Facts.

And, courts in this circuit have stated that tender of payment, along with a Rule 68 offer of judgment, is enough to moot a plaintiff's case. *Tapia v. Florida Cleanex, Inc.*, 09-21569-CIV, 2012 WL 7965871, at *5, n.5 (S.D. Fla. 2012) (complete relief would have been achieved – mooting the case – had defendant tendered full payment and Rule 68 offer of judgment for the full amount owed); *see also Moten v. Broward Cnty.*, 2012 WL 526790, at *2 (S.D.Fla. Feb.16,

2012) (tender of damages and offer of judgment providing the plaintiff with the maximum allowable relief mooted the plaintiff's claim) (Cohn, J.).

"Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake." *Rand v. Monsanto Co.*, 926 F.2d 596 (7th Cir. 1991) (internal citation omitted).

### B. The Plaintiffs Have Been Paid Amounts in Excess of the Amounts That They Claim They are Owed

In response to the Court's December 1, 2014, Notice of Court Practice in FLSA Cases. (ECF No. 7), Plaintiffs Murphy and Abril submitted statements of claim to the Court stating that they are owed $2,622.00[3] and $396.00[4] in wages respectively. [ECF No. 15 and 16].

The remaining Plaintiffs have not filed statements of claim. Nevertheless, Global Response has calculated the amount of wages which the Plaintiffs claim they are owed under their version of the case, and has voluntarily and unconditionally tendered payment for that amount. *See* Statement of Material Facts at ¶ 16.

Plaintiffs were required to clock-in at the beginning of his shifts, and clock-out upon completion of their work. *Id.* at ¶ 1. It is undisputed that the Plaintiffs entered their own time, and that Global Response Corporation's records accurately reflect the clock in and clock out times of the Plaintiffs. *Id.* at ¶¶ 2, 4.

---

[3] While Mr. Murhpy's Statement of Claim states that his damages are "un-liquidated," including liquidated damages, his total claim is $5,244.00.

[4] While Mr. Abril's Statement of Claim states that his damages are "un-liquidated," including liquidated damages, his total claim is $792.00.

4

Pursuant to the time records of Global Response Corporation, under the Plaintiffs' version of the case, the Plaintiffs are owed wages as set forth below, and such payment was unconditionally tendered[5] to them.  *See Id.* at ¶¶ 7, 8, and 10.

Thereafter, at their depositions, some of the Plaintiffs (Scott, Sylverain, Walker and Walters) claimed that the time it took them to log into their computer systems was not reflected in their time records.  The Defendant disputes their claim, because it is factually inaccurate and such time would be *de minimus*.  Nonetheless, Plaintiffs, Scott, Sylverain, and Walker, have already received amounts in excess of this increased claim.  *See Id.* at ¶ 14.  And, in the case of Plaintiff Walters, the Defendant unconditionally tendered to the Plaintiffs any wages which could be due as a result of such claims.  *See Id.* at ¶ 13.

Plaintiffs, with the exception of Mr. Murphy, who attempted to contradict his Court ordered and Court filed statement of claim, have not, and cannot, present evidence indicating that the foregoing payment is insufficient.[6]  Indeed, when asked, each Plaintiff is unable to state the amount of wages which they allege they are owed.  *See Id.* at ¶ 6.  As such, there is no dispute that the Plaintiffs have been paid what they claim they is due (*i.e.* for the time reflected on their time cards plus time for logging into computer systems).

Specifically, under the Plaintiffs' version of the facts, the full amount of wages which could be due to them (which the Defendant expressly denies), and the amounts tendered, are:

---

[5] Less applicable withholdings, as taxes must be withheld from payments for allegedly unpaid wages.  *See Freeman v. Blake Co.,* 84 F.Supp. 700 (D. Mass. 1949) (payments of retroactive overtime compensation under the FLSA constituted wages subject to withholding of income tax.); *see also Thomas v. Cnty of Fairfax, VA,* 758 F.Supp. 353, 367 (E.D. Va. 1991) ("employer-paid back pay in satisfaction of a judgment constitutes wages for purposes of income taxes…."); *see also Field Serv. Advisory*, 1996 WL 33321014 at *1 (June 21, 1996).

[6] Global Response has provided each Plaintiff with their time card reports for the relevant terms of their employment, and a summary of those reports.  *See* Statement of Material Facts at ¶ 3.

| Plaintiff | Amount | + | Liquidated Damages | = | Total Claim | Amount Tendered |
|---|---|---|---|---|---|---|
| Terry Murphy | $2,622.00[7] | | $2,622.00 | | $5,244.00 | $5,500.00 |
| Camilo Abril | $396.00[8] | | $396.00 | | $792.00 | $900.00 |
| Richard Goldsmith | $41.76 | | $41.76 | | $83.52 | $200.00 |
| Kimcha Scott | $13.70 | | $13.70 | | $27.40 | $50.00 |
| Henry Sylverain | $38.00 | | $38.00 | | $76.00 | $100.00 |
| Shadeen Walters | $116.92 | | $116.92 | | $233.84 | $250.00 |
| Shamika Walker | $358.57 | | $358.57 | | $717.14 | $800.00 |

*See* Statement of Material Facts at ¶¶ 5, 7-8, and 12-14.

And, along with the tendered payments, the Plaintiffs have been provided offers of judgment which provide the Plaintiffs with full relief. *See Id.* at ¶ 9-11, 15.

In sum, the Court should grant summary judgment because there is no genuine issue of material fact as to Plaintiffs' claims, and there is no longer a case or controversy in the present action, as Global Response has unconditionally tendered an amount in excess of each Plaintiff's claim under their version of this case and offered judgment. Accordingly, the Court should grant summary judgment in Global Response's favor, and should retain jurisdiction over the matter for the limited purpose of determining the reasonableness of the Plaintiffs' attorney's fees and costs.

---

[7] This is the amount claimed by Mr. Murphy. Global Response's time records indicate that under his theory of the case, Mr. Murphy would be owed a lower amount.

[8] This is the amount claimed by Mr. Abril. Global Response's time records indicate that under his theory of the case, Mr. Abril would be owed a lower amount.

WHEREFORE, the Defendant respectfully requests that this Court enter summary judgment in favor of Global Response Corporation and against the Plaintiffs as set forth above.

Respectfully submitted,

s/Russell Landy
Russell Landy
Florida Bar No.: 0044417
Peter F. Valori
Florida Bar No. 0043516
DAMIAN & VALORI LLP
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965
Email: pvalori@dvllp.com
Email: rlandy@dvllp.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic transmission via this Court's CM/ECF filing system on April 10, 2015 upon all counsel or parties of record on the attached service list.

s/Russell Landy
*Counsel for Defendant*

## SERVICE LIST

**Camar R. Jones, Esq.**
cjones@shavitzlaw.com
Shavitz Law Group, P.A.
1515 S. Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
*Attorneys for Plaintiffs*


**Peter F. Valori, Esq.**
pvalori@dvllp.com
**Russell Landy, Esq.**
rlandy@dvllp.com
Damian & Valori LLP
1000 Brickell Avenue, Suite 1020
Miami, FL 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965
*Attorneys for Defendant*