UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-62673-CIV-COHN/SELTZER

TERRY MURPHY, on his own behalf
and others similarly situated,

    Plaintiff,

CAMILO ABRIL, SHADENE WALTERS,
KIMISHA SCOTT, SHAMIKA WALKER,
HENRY SYLVERAIN, and JILL KEYS,

    Opt-In Plaintiffs,

v.

GLOBAL RESPONSE CORPORATION,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Defendant's Motion for Summary Judgment [DE 49] ("Motion"). The Court has carefully reviewed the Motion and all related filings and is otherwise fully advised in the premises.[1]

---

[1] Also pending are two other motions: Plaintiffs' Motion to Conditionally Certify an FLSA Collective Action and Authorize Notice to Potential Class Members [DE 18] ("Certification Motion") and Defendant's Motion to Dismiss with Prejudice and/or for Judgment on the Pleading Based on Lack of Subject Matter Jurisdiction [DE 25] ("Dismissal Motion"). As discussed further herein, the Court concludes that the individual Plaintiffs' claims are now moot and, as a result, the Certification Motion is likewise moot. The Court will therefore deny the Certification Motion on that basis. The Dismissal Motion raises essentially the same issues as those presented in Defendant's later-filed Motion for Summary Judgment. But due to intervening events and a more fully developed record, the instant Motion supersedes the Dismissal Motion, which the Court will also deny as moot.

I.      **Background**[2]

Plaintiffs are current and former customer-service representatives employed by Defendant Global Response Corporation ("GRC").[3]  See DE 1 (Compl.) at 1-3.  During their employment with GRC, Plaintiffs were required to clock-in when their shifts began and clock-out after finishing their work.  See DE 50 (Def.'s Statement of Undisputed Material Facts) at 1, ¶ 1.  Plaintiffs entered their own time.  See id. at 1, ¶ 2.  GRC provided Plaintiffs with time-card reports for their relevant employment dates and with summaries of those reports.  See id. at 1, ¶ 3.  GRC's records accurately reflect Plaintiffs' clock-in and clock-out times.  See id. at 1, ¶ 3; see also id. at 1-2, ¶¶ 5-6.

According to Plaintiffs, however, GRC maintained a policy requiring them to be at their desks, "phones up," and ready to work when their shifts started.  See DE 65 (Pls.' Statement of Disputed Facts in Contravention of Def.'s Statement) at 1, ¶ 1.  To comply with that policy, Plaintiffs had to prepare before their shifts began.  See id.  For example, Plaintiffs Henry Sylverain, Kimisha Scott, Shadene Walters, and Shamika Walker assert that it took them several minutes (generally five to ten) to log into their computer systems before they could clock in.  See DE 50 at 3, ¶ 1.  Plaintiffs allege that they were not compensated for their pre-clock-in preparation time—or for various time Plaintiffs worked after clocking out—as GRC paid them for "scheduled" time only.  See id. at 2, ¶ 1, 4.

---

[2] In several instances, Plaintiffs' response to Defendant's Statement of Undisputed Material Facts does not address facts that Defendant alleges, or contests the asserted facts but cites no evidence refuting them.  See DE 50, 65; S.D. Fla. L.R. 56.1(a).  All material facts recited by Defendant, supported by the record, and not properly controverted by Plaintiffs are deemed admitted.  See S.D. Fla. L.R. 56.1(b).

[3] In this Order, the term "Plaintiffs" refers collectively to the original Plaintiff and to the six Opt-In Plaintiffs who later consented to join the case.  See DE 1, 5, 28, 70.

2

On November 24, 2014, Plaintiff Terry Murphy filed this action on behalf of himself and all other similarly situated employees of GRC. See DE 1 (Compl.). The Complaint alleges that GRC failed to pay Murphy and the other employees all overtime wages owed to them, in violation of the Fair Labor Standards Act ("FLSA"). See 29 U.S.C. § 207.  Further, the Complaint seeks to recover the claimed unpaid overtime wages, liquidated damages (equal to the unpaid wages), and reasonable attorney's fees and costs. See id. § 216(b).

On January 5, 2015, Plaintiff Murphy and Opt-In Plaintiff Camilo Abril each filed a Statement of Claim. See DE 15, 16. These statements—filed in accordance with a Court Order entered shortly after the case began, see DE 7—detailed the amounts of wages Murphy and Abril claimed they were owed and the calculation of those wages. As Plaintiffs acknowledge, however, no other Plaintiff has filed a Statement of Claim.[4]

Also on January 5, 2015, Plaintiffs filed a Motion to Conditionally Certify an FLSA Collective Action and Authorize Notice to Potential Class Members [DE 18]. That motion seeks to conditionally certify this case as a collective action and to notify similarly situated employees of the lawsuit and their right to join in it. See 29 U.S.C. § 216(b) (authorizing FLSA collective actions); Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260-61 (11th Cir. 2008) (discussing standards for initially certifying FLSA collective actions and notifying prospective class members). GRC opposes the motion, which is fully briefed. See DE 26 (GRC's Response); DE 29 (Plaintiffs' Reply).

---

[4]  The Order requiring a Statement of Claim referred only to "Plaintiff," because Murphy was then the sole Plaintiff. DE 7 at 1. Yet the Order made clear that the Statement was intended to "assist the Court in the management of the case." Id. Plaintiffs recognized this principle in filing a Statement for later-added Plaintiff Abril. But after GRC filed a Motion to Dismiss arguing basically the same mootness point raised now, none of the five Plaintiffs who joined the case filed a Statement of Claim.

3

On January 7, 2015, GRC served Plaintiffs Murphy and Abril with offers of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure.  See DE 26-4 at 1-6; DE 50 at 2, ¶ 9.  Each Plaintiff's offer included an amount exceeding his stated claim, an equal sum of liquidated damages, "plus interest (if any) and a reasonable amount of attorneys' fees and costs incurred to date by the Plaintiff, and including fees and costs incurred in establishing the amount of fees and costs, to be determined by the Court."  DE 26-4 at 1, 4; see DE 50 at 2, ¶ 9.  Then, on January 27, 2015, GRC "tendered unconditionally" payments to Murphy and Abril for the amounts set forth in their offers of judgment, less applicable tax withholdings for the portions representing unpaid overtime wages.[5]  See DE 26-5 at 1, 4-7; DE 50 at 2, ¶ 7.  Along with those payments, GRC served Murphy and Abril with additional offers of judgment that referenced the tendered payments but were otherwise identical to the earlier offers.  See DE 26-6 at 1-6; DE 50 at 2-3, ¶ 10.

On February 24, 2015, GRC unconditionally tendered to Plaintiffs Sylverain, Scott, Walters, and Walker payments greater than their claims for unpaid wages and liquidated damages.[6]  See DE 33-3 at 1-9; DE 50 at 2, ¶ 8.  That day GRC also served these four Plaintiffs with offers of judgment for the same amounts (not reflecting tax withholdings), "plus interest (if any) and a reasonable amount of attorneys' fees and

---

[5]  All payments GRC tendered to Plaintiffs for unpaid overtime wages were reduced by applicable tax withholdings.  Amounts tendered for liquidated damages were not so reduced.  Apparently to clarify the bases for the payments, GRC tendered two checks to each Plaintiff—one for unpaid wages and one for liquidated damages.  See, e.g., DE 26-5 at 4-5 (checks tendered to Plaintiff Murphy).

[6]  GRC determined the claim amounts for these Plaintiffs—none of whom could or would disclose during this litigation the specific amounts allegedly owed to them— using detailed calculations that Plaintiffs have not refuted.  See DE 50-4 at 1-14.

4

costs incurred to date by the Plaintiff, and including fees and costs incurred in establishing the amount of fees and costs, to be determined by the Court." DE 73-1, 73-3–73-5; see DE 50 at 3, ¶ 11.

More, on April 10, 2015, GRC unconditionally tendered to Plaintiff Walters an additional payment exceeding the amounts she claimed for time spent logging into computer systems. See DE 50 at 3, ¶ 13; DE 50-2 at 3-5. Together with this payment, GRC served Walters with another offer of judgment for the tendered amount (which included liquidated damages), plus interest, fees, and costs as described in the prior Offer. See DE 50 at 4, ¶ 15; DE 73-2. The previous payments and offers of judgment to the other Plaintiffs were sufficient to cover any further time they claimed for logging into computer systems. See DE 50 at 3-4, ¶ 14; DE 50-4 (calculation summaries).

Also on April 10, 2015, GRC filed its present Motion, arguing that Plaintiffs' claims are now moot because "Plaintiffs have each been paid amounts in excess of the amount that they claim they are owed." DE 49 at 1. Plaintiffs filed a Response opposing the Motion, and GRC filed a Reply. See DE 64, 71. On May 20, 2015—two days before GRC's Reply was due—Plaintiffs submitted a consent form allowing a new Opt-In Plaintiff, Jill Keys, to join this lawsuit. See DE 70.[7]

## II. Discussion

### A. Summary Judgment Standards

Summary judgment must be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "always bears the initial

---

[7] As discussed further herein, see infra note 8, Keys's attempt to join this case was ineffective, since the action was already moot when her consent form was filed.

5

responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To satisfy this burden, the movant must demonstrate that "there is an absence of evidence to support the nonmoving party's case." Id. at 325.

If the movant makes this initial showing, the burden of production shifts, and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The non-moving party "may not rest upon the mere allegations or denials in its pleadings," but instead must present "specific facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573, 1576-77 (11th Cir. 1990).  "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker, 911 F.2d at 1577.  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).

A court's function at the summary-judgment stage is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.  In so doing, the court must view the facts in the light most favorable to the non-movant and draw all reasonable inferences in that party's favor.  See Davis v. Williams, 451 F.3d 759, 763 (11th Cir. 2006).  The court also must discern what issues are material:  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Anderson, 477 U.S. at 248.

### B. Analysis of Defendant's Motion

GRC argues that this action is moot because GRC has (1) unconditionally tendered to Plaintiffs amounts exceeding their claimed unpaid wages and liquidated damages, and (2) agreed to pay fully Plaintiffs' reasonable attorney's fees and costs, and (3) served upon Plaintiffs Rule 68 offers of judgment for these same remedies.  According to GRC, moreover, the case is moot even though Plaintiffs have moved to certify it as an FLSA collective action.  Plaintiffs insist that the case is not moot, emphasizing decisions holding that an unaccepted offer of judgment does not moot an individual plaintiff's claim or a proposed class action in which he is a named plaintiff.

"Article III of the Constitution limits the jurisdiction of federal courts to cases and controversies." Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189 (11th Cir. 2011) (internal quotation marks omitted).  A key facet of the case-and-controversy requirement is that a court may not rule upon issues that have become moot.  See id.  "An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt.

7

Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted).  In this regard, "the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal., 662 F.3d at 1190 (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)); see Already, LLC v. Nike, Inc., 133 S. Ct. 721, 726 (2013). So when "an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1528 (2013) (internal quotation marks omitted).

Here, the Court must determine whether GRC's tenders of payment and offers of judgment mooted Plaintiffs' individual claims, as well as this proposed collective action. Regarding the individual claims, Plaintiffs rely heavily on Stein v. Buccaneers Limited Partnership, 772 F.3d 698 (11th Cir. 2014), which agreed with the reasoning of the dissenting opinion in Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523 (2013). The Symczyk dissent addressed an issue that the majority opinion found unnecessary to decide, namely:  When a plaintiff in a proposed FLSA collective action receives a Rule 68 offer of judgment for the full amount of her claim, but does not accept the offer, does her claim become moot?  The dissenting Justices answered that question "no":

> When a plaintiff rejects such an offer [of judgment]—
> however good the terms—her interest in the lawsuit remains
> just what it was before.  And so too does the court's ability to
> grant her relief. . . .  So assuming the case was live
> before—because the plaintiff had a stake and the court
> could grant relief—the litigation carries on, unmooted.
>
> For this reason, Symczyk's individual claim was alive
> and well when the District Court dismissed her suit.  Recall:
> Genesis made a settlement offer under Rule 68; Symczyk
> decided not to accept it; after 10 days, it expired and the suit
> went forward.  Symczyk's individual stake in the lawsuit thus
> remained what it had always been, and ditto the court's

8

> capacity to grant her relief. After the offer lapsed, just as before, Symczyk possessed an unsatisfied claim, which the court could redress by awarding her damages. As long as that remained true, Symczyk's claim was not moot, and the District Court could not send her away empty-handed.

Symczyk, 133 S. Ct. at 1533-34 (Kagan, J., dissenting).

In Stein, a proposed Rule 23 class action, the Eleventh Circuit agreed with the Symczyk dissent that an individual plaintiff's claim is not rendered moot when he rejects an offer of judgment that would provide all the relief he seeks. See Stein, 772 F.3d at 702-04. Although the defendant in Stein had served such offers on all named plaintiffs, the court of appeals held that "[t]he named plaintiffs' individual claims were not moot." Id. at 702. As pertinent to this case, the Eleventh Circuit observed that "the plaintiffs still had their claims," and that the defendant "had not paid the plaintiffs" and "was not obligated to pay [them]." Id.

Plaintiffs here cite Stein and other cases applying a similar analysis, insisting that those decisions control the outcome of this action. Yet a critical difference exists between those cases and this one. In Stein and its progeny, the defendants had merely served offers of judgment that the plaintiffs did not accept, leaving everything as it had been before the offers were made. The plaintiffs' claims remained unsatisfied, and there was still a live controversy that the court could resolve by awarding damages. Not so here. As unrebutted evidence shows, GRC has unconditionally tendered payments to Plaintiffs that fully cover (and more) their claims for unpaid wages and liquidated damages. See Bilbao v. Bros. Produce Inc., No. 13-20535-CIV, 2013 WL 1914406, at *2 (S.D. Fla. May 8, 2013) (holding, in FLSA case, that "Plaintiff's claims were mooted the moment [Defendants] tendered payment for the full damages that Plaintiff could recover"); Gathagan v. Rag Shop/Hollywood, Inc., No. 04-80520-CIV,

9

2005 WL 6504414, at *2 (S.D. Fla. Feb. 10, 2005) (explaining that "[t]he mootness doctrine applies to FLSA actions" and that "Defendant's tender of Plaintiff's maximum recoverable damages has rendered her case moot").  GRC has also committed to pay all reasonable attorney's fees and costs that Plaintiffs have expended in this litigation, including any fees and costs incurred in determining the total amount of such expenses.  Far from "send[ing] [Plaintiffs] away empty-handed," the tendered payments and forthcoming fees and costs grant Plaintiffs all relief they have asked for and then some.  Symczyk, 133 S. Ct. at 1534 (Kagan, J., dissenting).  With one exception, each of Plaintiffs' claims is therefore moot.[8]

The only remaining question is whether the mootness of Plaintiffs' individual claims moots this proposed collective action in its entirety.  In Symczyk, the plaintiff filed an FLSA action on behalf of herself and similarly situated employees.  See 133 S. Ct. at 1527.  The defendants thereafter served the plaintiff with an offer of judgment that fully satisfied her individual claim, but she did not accept the offer.  See id.  The majority opinion assumed, without deciding, that the plaintiff's claim was mooted by the unaccepted offer of judgment.  See id. at 1528-29.  The Supreme Court then turned to the main issue presented—whether the plaintiff's action "remain[ed] justiciable based on the collective-action allegations in her complaint."  Id. at 1529.  "In the absence of any claimant's opting in," the Court held, "[the plaintiff's] suit became moot when her individual claim became moot, because she lacked any personal interest in

---

[8] The claim of Opt-In Plaintiff Jill Keys is a nullity rather than being moot. When Keys's consent form to join the case was filed, the other Plaintiffs' claims had already become moot.  See supra Part I.  So there was no action left for her to join. See Bilbao, 2013 WL 1914406, at *3 (reaching same conclusion).  Thus, the Court will dismiss Keys's claim without prejudice.

10

representing others in this action." Id.  The Court further ruled that "the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied." Id.  Too, the Court rejected the plaintiff's reliance on Rule 23 class actions, in part because "Rule 23 actions are fundamentally different from collective actions under the FLSA." Id.; see id. at 1530 (explaining that a certified Rule 23 class "acquires an independent legal status," whereas the "sole consequence" of FLSA conditional certification is the sending of notice to employees who must file written consent to become parties); see also Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1249 (11th Cir. 2003) (per curiam) ("In contrast to the Rule 23 plaintiff, a § 216(b) plaintiff has no claim that he is entitled to represent other plaintiffs.").  The Court therefore determined that "this action was appropriately dismissed as moot." See 133 S. Ct. at 1529.

Based on Symczyk's reasoning, this Court similarly concludes that the present case is moot, despite Plaintiffs' filing of a collective-action Complaint and Motion. See 133 S. Ct. at 1530 ("[E]ven if [the plaintiff] were to secure a conditional certification ruling on remand, nothing in that ruling would preserve her suit from mootness."). Accordingly, the Court will grant Defendant's Motion for Summary Judgment and deny as moot Plaintiffs' Motion to Conditionally Certify an FLSA Collective Action and Authorize Notice to Potential Class Members.

### III. Conclusion

For the reasons discussed, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment [DE 49] is **GRANTED**;

2. Plaintiffs' Motion to Conditionally Certify an FLSA Collective Action and Authorize Notice to Potential Class Members [DE 18] is **DENIED AS MOOT**;

3. Defendant's Motion to Dismiss with Prejudice and/or for Judgment on the Pleading Based on Lack of Subject Matter Jurisdiction [DE 25] is **DENIED AS MOOT**;

4. This action is **DISMISSED WITH PREJUDICE** as to Plaintiffs Terry Murphy, Camilo Abril, Shadene Walters, Kimisha Scott, Shamika Walker, and Henry Sylverain.  The case is **DISMISSED WITHOUT PREJUDICE** as to Plaintiff Jill Keys;

5. Plaintiffs shall serve and file any motions for attorney's fees and costs in accordance with Local Rule 7.3; and

6. The Clerk shall **CLOSE** this case and **DENY AS MOOT** all pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of June, 2015.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF